IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THOMAS U. CRESTWELL, JR.           :

    Petitioner                                  :

    v.                                              :        Civil Action No. AW-07-699

LISA HOLLINSWORTH and              :
U.S. PAROLE COMMISSION
                                                      :
    Respondents

o0o
**<u>MEMORANDUM</u>**

Pursuant to this court's Order to Show Cause, Respondents have filed Motion for Summary Judgment alleging the petition should be dismissed because Petitioner failed to exhaust administrative remedies. Paper No. 7. Petitioner has filed an opposition to the motion. Paper No. 10. After review of these papers, the Court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6. For the reasons that follow, the petition shall be dismissed.

Petitioner was sentenced to serve a 20-month sentence followed by a 5-year supervised release term by the Superior Court for the District of Columbia after being convicted of attempted distribution of cocaine. Paper No. 7 at Ex. 1. He left prison under supervised release on September 11, 2004. *Id* at Ex. 2. On November 9, 2005, a violator warrant was issued by the U.S. Parole Commission alleging Petitioner had been arrested for use of illegal drugs and had failed to report as directed for meetings and drug testing. *Id*. at Ex. 3 and 4. Petitioner was arrested on the warrant on October 28, 2006, and given a probable cause hearing at the District of Columbia jail on November 3, 2006. *Id*. at Ex. 5 and 6. At the hearing it was determined that there was probable cause to believe Petitioner had violated his supervised release and he was

provided a revocation hearing on December 18, 2006 at the District of Columbia Treatment Facility. *Id*. at Ex. 7 and 8. Petitioner's supervised release was revoked on January 9, 2007, and a new term of 13 months with a 47 month term of supervised release was imposed. *Id*. at Ex. 9. Although he was entitled to do so, Petitioner did not file an administrative appeal to the Parole Commission's National Appeals Board.

Petitioner alleges that the United States Parole Commission unlawfully revoked his parole; Petitioner's District of Columbia sentence was illegally made consecutive to his federal sentence; and his street time credit was wrongfully revoked. Paper No. 1. Petitioner asserts the authority provided to the Parole Commission is a violation of separation of powers. *Id*.

The Parole Commission was granted authority over the parole release and parole revocations of District of Columbia felony offenders by the 1997 National Capital Revitalization and Self-Government Improvement Act. *See* D.C. Code Ann. § 24-131 *et seq*. Offenders such as Petitioner who were placed on supervised release by the Superior Court of the District of Columbia are now subject to the authority of the Parole Commission during the term of their supervised release. *See* D.C. Code Ann. § 24-133(c)(2). The Commission is granted the same authority that is vested in the United States district courts under 18 U.S.C. § 3583 (d) – (i).[1] Thus, when a supervised releasee is found to have violated the conditions of his release the Commission may revoke supervised release, impose a new term of incarceration, and impose a new term of supervised release along with conditions. *See* D.C. Code Ann. § 24-131 *et seq*.

---

[1] That authority includes: imposing conditions of supervised release; modification of conditions; requiring written statements of conditions; mandatory revocation for possession of controlled dangerous substance; imposition of an additional term of supervised release after revocation; and authority to revoke supervised release beyond the expiration of the term of release.

Petitioner claims that Congress violated the principle of separation of powers by granting this authority to the Parole Commission.  Paper No. 1.  He maintains that the Parole Commission, an executive branch agency, has been assigned a judicial function in violation of Article III of the Constitution.  Papers No. 1 and 10.  In addition, Petitioner claims the Commission did not have the authority to deny him credit for time spent on supervised release as part of the revocation decision.  *Id*

Respondents assert entitlement to summary judgment based on Petitioner's failure to exhaust administrative remedies.[2] Paper No. 7.  Petitioner does not dispute that he has not

---

[2]  Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc*., 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc*., 290 F.3d 639, 644-45 (4th Cir. 2002).  The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal

exhausted administrative remedies.

Upon revocation of his supervised release, Petitioner had an opportunity to appeal the decision to the National Appeals Board pursuant to 28 C.F.R. 2.220. Petitioner was provided with notice of that right. Paper No. 7 at Ex. 9, p. 3. Despite that notice, Petitioner did not file an appeal of the decision revoking his supervised release. Thus, he has not exhausted administrative remedies with respect to the claim regarding the validity of the Commission's power to revoke supervised release.

It is the responsibility of the United States Attorney General, the Department of Justice and the Federal Bureau of Prisons to compute sentences of prisoners committed to the custody of the United States or the District of Columbia and apply credit where it is due. *See* 18 U.S.C. §3624. Where, as here, a prisoner disputes the computation of his sentence or the application of credits, he or she is permitted to seek a remedy for the grievance through the administrative remedy process in place in the Bureau of Prisons facilities. *See* 28 C.F.R. 542.10 through 542.19. To the extent Petitioner takes issue with the way his new term is calculated and the amount of credits he has been awarded, he is required to file an administrative remedy request prior to filing an action in this court. *See United States v. Ramirez*, Civil Action No. 86-7749, 1987 WL 24454(4th Cir. 1987) (after exhaustion of administrative remedies, judicial review of a claim relating to computation of sentence is available under 28 U.S.C. § 2241 in the district of confinement) *citing Chua Han Mow v. United States*, 730 F.2d 1308, 1313 (9th Cir.1984); *United States v. Hornick*, 815 F.2d 1156, 1160 (7th Cir.1987). His failure to do so requires

---

quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

dismissal of the claim.

     A separate Order follows.

Date: October 1, 2007

                                                              /s/
                                          Alexander Williams, Jr.
                                          United States District Judge